STATE OF MAINE                                                SUPERIOR COURT
                                                             CRIMINAL ACTION
CUMBERLAND, ss.                                              Docket No. CR-07-2861
                                                             *JSB - CUM - 7/aa,*

STATE OF MAINE,

     v.                                                      DECISION

JAMES CURRIER,

     Defendant.


Defendant James Currier has moved for dismissal of six charges because of a discovery violation by the State.

On September 25, 2007, Mr. Currier became involved in a confrontation with court security officers in the Cumberland County Courthouse. Mr. Currier was charged with assault, terrorizing, trespass, resisting arrest and disorderly conduct. His attorney requested in a timely manner a videotape of the confrontation. When it was not provided, Mr. Currier moved for sanctions.

It has been stipulated (*see* transcript of January 31, 2008 hearing) that "a court officer" reviewed the tape and reported that the incident was not visible on the tape. The tape was destroyed without providing it to the district attorney or the defense. It is further stipulated that the camera angle of the security camera was such that it would not have shown the actual event.

It is not clear whether the "court officer" who viewed the tape was a member of the court marshal staff as was the victim in this case. If so, it is, of course, inexcusable that a fellow court marshal would take it upon himself to destroy a tape without first providing it to the district attorney, especially when there has been a timely request for the tape by the defendant. In fact, it is inexcusable for a court marshal to destroy a tape after a timely request even if the victim were not a fellow court marshal.

However, the focus on this sanction motion is preventing prejudice to the defendant. One of the stipulations in this case is that the security camera angle was such that it would not have recorded the actual event. Given that stipulation, it is hard to see how Mr. Currier has been prejudiced. It is also worth noting that the stipulated evidence does not state that the eventual destruction of the tape was a cover up or was in any other way malicious.

One must hope that the district attorney will take steps to educate the security officers as to their responsibilities when a videotape has been properly requested. For my part I will send a copy of this decision to the head of court security. In the absence of any prejudice to Mr. Currier, however, the clerk will make the following entry on the docket by reference:

Defendant James Currier's motion for sanctions is denied.

DATED: August 22, 2008

DA - Bardwell

Atty - Sineni

_____
William S. Brodrick
Justice, Superior Court
Active-Retired

A True Copy
Attest: _Jolly A Banger_
Clerk of Courts

2